UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM, | No.  2:26-cv-00029-TLN-CKD P |
| Plaintiff, | |
| v. | ORDER |
| HDSP CDCR OFFICERS, et. al, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.      In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis. ECF No. 2. Plaintiff's declaration in support of the motion makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

## II.      Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.     Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at High Desert State Prison ("HDSP").  Plaintiff names "John Doe" HDSP officers, the Secretary of the

2

CDCR, the Warden of the CDCR, and Captain Williams, HDSP, as defendants. ECF No. 1 at 2.

In Claim I, plaintiff alleges that "on or about" November 25, 2025, unnamed HDSP officers began a campaign of blocking his access to the courts. Id. at 3. Plaintiff also alleges that he has been refused a tablet and been denied access to the dayroom or the law library. Id.  He also alleges that he has been denied writing and mail supplies. Id.

In Claim II, plaintiff alleges that the Secretary of the CDCR has implemented orders which have targeted certain inmates to be sent to certain prisons. Id at 4.

In Claim III, plaintiff alleges that the captain of the HDSP D Facility is "conducting a campaign of retaliation" against those, like plaintiff, who have filed 602 grievances and court cases.  Id. at 5.

**Legal Standards**

**A.  Access to Courts**

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate.  Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  Prisoners also enjoy some degree of First Amendment rights in their legal correspondence.  Bounds v. Smith, 430 U.S. 817, 824-25 (1977).  However, to state a viable claim for relief, plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  Lewis v. Casey, 518 U.S. 343, 349 (1996).

**B.  Retaliation**

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals."  Id. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a

3

causal connection between the adverse action and the protected conduct.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

**C. Supervisory Liability**

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

**D. Linkage Requirement**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

**IV.    Analysis**

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  To the extent that plaintiff lists the various HDSP officers as John Doe defendants in this case, the complaint does not provide sufficient identifying information for these defendants to be served. To the extent that the complaint names supervisory defendants the complaint fails to state a claim against these defendants based solely on their

supervisory role. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).

For all these reasons, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

### V.    Amended Complaint

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that service of the complaint is not appropriate because you do not sufficiently describe what happened, who did it, or explain your belief as to why it happened.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular

5

attention to the legal standards identified in this order which may apply to your claims.

### VII.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 7, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ckd.storm.29.screen.

6